Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

Counsel for Defendant Maurice Young

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  vs.<br><br>MAURICE DEWAYNE YOUNG,<br><br>              Defendant. | Case No. 3:20-cr-33-TMB-DMS<br><br>**SENTENCING MEMORANDUM** |
|---|---|

Pursuant to a plea agreement, Defendant pled guilty to a single misdemeanor count. There is a dispute over the advisory guideline range. Regardless, the Court ought to impose the sentence recommended by probation unless Defendant would prefer a flat time sentence and the Court would be willing to accommodate that.

### I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)  the need for the sentence imposed –

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
  (A) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
    (i) issued by the Sentencing Commission [. . .]
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5) and pertinent policy statement –
  (A) issued by the sentencing commission [. . .]
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). <u>Id.</u>

/

/

/

*United States v. Maurice Young*
Case No. 3:20-cr-33 TMB DMS  Page 2

## II. Argument

a. Advisory Guidelines

The only dispute about probation's guideline calculation involves whether or not Defendant's criminal history category over-represents his actual criminal history as argued at Docket 27, page 17. If the Court agrees with the defense, Pursuant to a plea agreement, Defendant pled guilty to a single count of felon in possession.

## I. Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

- (8) the nature and circumstances of the offense and the history and characteristics of the defendant;
- (9) the need for the sentence imposed –
  - (E) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  - (F) to afford adequate deterrence to criminal conduct;
  - (G) to protect the public from further crimes of the defendant; and
  - (H) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- (10) the kinds of sentences available;
- (11) the kinds of sentence and the sentencing range established for –
  - (B) the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
    - (iii) issued by the Sentencing Commission [. . .]

(iv)    that, except as provided in section
                            3742(g), are in effect on the date the
                            defendant is sentenced [. . .]
        (12) and pertinent policy statement –
            (C)  issued by the sentencing commission [. . .]
            (D)  that, except as provided in section 3742(g), is
                 in effect on the date the defendant is sentenced.
        (13) the need to avoid unwarranted sentence disparities
             among defendants with similar records who have been
             found guilty of similar conduct; and
        (14) the need to provide restitution to any victims of the
             offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II.  Argument

a.  Advisory Guidelines

The only dispute over the sentencing guidelines involves the criminal history category. As argued at Docket 27, the defense believes the calculation of a criminal history category two substantially overstates his actual criminal history, which consists of one misdemeanor conviction. If the Court agrees with the defense, it should vary downward and sentence with reference to a criminal history category one. This would result in an advisory guideline sentencing range of 0-6 months.

/

/

### b. Statutory Sentencing Criteria

Regardless of the range ultimately determined by the Court, several circumstances mitigate in favor of probation's recommendation for a probationary sentence, but mostly the lack of significant criminal history. As explained in the motion to withdraw filed herewith, there has been a breakdown in the attorney client communication which has precluded discussion between the undersigned and defendant as to his opinion on what an appropriate sentence should be. Defendant has expressed his displeasure with being on supervision in the past, so it is unclear whether he would argue for active jail time if the Court were to be inclined to "flat time" him for this offense with no supervision to follow. Defendant requests that the Court inquire of his position with regard to that matter at imposition of sentence.

### III. Conclusion

For the aforementioned reasons, the Court ought to impose a sentence below the advisory guideline sentencing range.

/

/

/

/

/

DATED at Anchorage, Alaska this 9th day of October, 2020.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender
Counsel for Defendant

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on October 14, 2020. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*

*United States v. Maurice Young*
Case No. 3:20-cr-33 TMB DMS                                Page 6

Case 3:20-cr-00033-TMB-DMS   Document 35   Filed 10/14/20   Page 6 of 6